**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Campos, | No. CV-22-00892-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 17, 2023, Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R"). The R&R reasons it is "more efficient to resolve Petitioner's habeas claim on the merits" instead of first determining if the claim is timely. (Doc. 17 at 4). On the merits, the R&R recommends the petition for writ of habeas corpus be denied. Petitioner did not file any objections. Respondents, however, filed an objection stating "[w]hether a habeas petition is time-barred by [the applicable] statute of limitations is a threshold question that must be resolved before considering the merits of a habeas petition." (Doc. 18 at 2). Thus, Respondents request the Court address the timeliness issue before reaching the merits. Respondents do not object to the R&R's analysis regarding the merits.

**I.   Need to Determine Timeliness**

The Ninth Circuit has stated the Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes the timeliness of habeas claims "is a threshold question that [a court] must decide before [it] reach[es] the merits of a habeas petitioner's claims." *Ford*

*v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012). That opinion does not cite the portion of AEDPA that imposes this requirement and Supreme Court authority strongly implies timeliness is not a threshold question that must be addressed before reaching the merits. *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (noting statute of limitations defense is not jurisdictional). Other circuits have concluded timeliness need not be addressed when proceeding directly to the merits makes more sense.[1]

When the statute of limitations is raised, a court cannot grant a habeas petition without determining timeliness. But there is no reason to require timeliness be assessed first when, as here, it is far more complicated than the merits. However, the Ninth Circuit appears to have imposed this requirement and, given Respondents' objection to the R&R, the Court will address timeliness.

## II. Claim is Timely

The factual background relevant to Petitioner's habeas petition involves two separate criminal cases. In 2017, Petitioner was charged with failing to register as a sex offender. Petitioner pled guilty and was sentenced to a ten-year term of probation. On February 11, 2019, Petitioner admitted to violating the terms of his probation. The trial court reinstated Petitioner's probation and imposed a new ten-year period. In March 2019, Petitioner filed a notice stating he would seek post-conviction relief from the reinstatement of his probation. The trial court appointed attorney Colin F. Stearns to represent Petitioner in the post-conviction process. Stearns reviewed the file and filed a notice stating he could not find any colorable claims. (Doc. 11-1 at 52). Petitioner did not file anything on his own behalf and post-conviction relief was denied. (Doc. 11-1 at 59).

In July 2019, Petitioner was charged in a separate case with the new crime of interfering with a monitoring device. In August 2019, Petitioner pled guilty to that crime

---

[1] *See, e.g.*, *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (citing *Day* and noting timeliness "ordinarily should be addressed first" but courts "may sometimes reach the merits of a petitioner's claim, particularly when the merits are easily resolvable against the petitioner while the procedural issues are complicated"); *White v. Steele*, 853 F.3d 486, 490 (8th Cir. 2017) ("[E]ven where we have reason to doubt compliance with the statute of limitations, we may proceed to the merits in the interest of judicial economy.").

and was sentenced to a three-year prison term. In connection with Petitioner's plea and sentence stemming from the interfering charge, the state court also revoked his probation from the 2017 case and sentenced him to an "aggravated" sentence of 3.75 years in prison. Ariz. Rev. Stat. Ann. § 13-702(D) (stating "aggravated" and "presumptive" sentences).

In October 2019, Petitioner filed a petition for post-conviction relief in both his 2017 and 2019 cases. Attorney Kerrie Droban was appointed to represent Petitioner. Droban reviewed the file and stated she was unable to locate any colorable claims. Petitioner then filed a petition on his own behalf, but the trial court denied relief. Petitioner sought review from the Arizona Court of Appeals and that court rejected all claims except it granted relief regarding the prison sentence in the 2017 case. The court of appeals concluded the 3.75-year sentence was excessive because the trial court had not found a required "aggravator." Absent such a finding, the trial court was "prohibited from increasing [Petitioner's] sentence beyond the presumptive term," *i.e.*, 2.5 years. *State v. Campos*, No. 1 CA-CR 21-0214 PRPC, 2022 WL 905002, at *3 (Ariz. Ct. App. Mar. 29, 2022). Based on that error, the Arizona Court of Appeals remanded for resentencing in the 2017 case. *Id.* The records available on the Maricopa County Superior Court's website show Petitioner was resentenced on August 15, 2022. Petitioner was given the "presumptive" sentence of 2.5 years in prison.

After the Arizona Court of Appeals remanded but before he was resentenced, Petitioner filed his federal petition for writ of habeas corpus. Petitioner's sole claim is he was denied his "14th Amendment Due Process and Equal Protection rights" during his post-conviction relief proceedings. According to Petitioner, Arizona's practices regarding the appointment of counsel in post-conviction relief proceedings are not sufficient under the requirements of *Anders v. California*, 386 U.S. 738 (1967). (Doc. 1). In support of this, Petitioner references the events that occurred after his convictions and sentences in 2019. To be clear, the convictions and sentences referenced in the petition involved the 2017 and 2019 cases. But based on the petition itself, Petitioner's claim is

based solely on the behavior by Droban, Petitioner's attorney after he was sentenced to prison in August 2019.

In responding to the petition, Respondents argue Petitioner's claim based on the 2017 case is time-barred. According to Respondents, Petitioner's claim regarding post-conviction relief proceedings in the 2017 case arose after Stearns, the attorney appointed when Petitioner's probation was reinstated in the 2017 case, filed a notice stating he could not locate any colorable claims. Respondents believe the time for bringing a federal petition based on Stearns' behavior expired long before he filed his present petition.

Respondents apparently believe the current federal petition involves alleged violations of Petitioner's constitutional rights based on the actions by Stearns and the procedures after Petitioner's probation was reinstated as well as the actions by Droban and the procedures in effect after Petitioner was sentenced to prison in 2019. The record, however, does not contain any indication Petitioner is seeking relief based on the post-conviction proceedings when Stearns was involved. Rather, the federal petition is based exclusively on the alleged failures by Droban after Petitioner was sentenced to prison in August 2019. (Doc. 15 at 10) (Petitioner arguing Droban "did absolutely nothing in her 'advisory capacity'"). Petitioner's claim is not based on the events involving Stearns and the timeliness of challenging those events is not relevant to the current petition. Petitioner's claim is based on the events involving Droban and Respondents concede the claim based on those events is timely. Therefore, the Court must turn to the merits.

**III. No Objections on the Merits**

The R&R recommends the Court conclude Petitioner's claim fails on the merits. Petitioner did not file any objections to the R&R. With no objections, there is no need to review the R&R de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Therefore, the R&R will be adopted.

Accordingly,

**IT IS ORDERED** the R&R (Doc. 17) is **ADOPTED** and the petition for writ of habeas corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 23rd day of May, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge